# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| **CORY BLAKE WEST,** | |
| Plaintiff, | No. 14-CV-4125-DEO |
| vs. | **INITIAL REVIEW ORDER** |
| **THE STATE OF IOWA, BRAD WITTROCK, CHARLES PALMER, RAYANN JACKSON, AND DEPARTMENT OF HUMAN SERVICES/CCUSO**, | |
| Defendants. | |

## I. INTRODUCTION AND BACKGROUND

This matter is currently before the Court on Cory West's [hereinafter, Mr. West] Motion for Leave to Proceed in Forma Pauperis, Docket No. 1, Motion for Appointment of Counsel, Docket No. 2, and 42 U.S.C. Section 1983 Complaint, Docket No. 1, Att. 1. The Plaintiff is an involuntarily committed patient at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee, Iowa.[1]

---

[1] The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited January 5, 2015.

**II. IN FORMA PAUPERIS**

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a). The doctrine of in forma pauperis allows a plaintiff to proceed without incurring filing fees or other Court costs. 28 U.S.C. § 1915(a)(1). However, prisoners must meet certain requirements in order to have their filing fee waived. 28 U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing fees. Id. However, CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators."[2] Moreover, the Iowa Code specifies that the types of persons confined at CCUSO are not prisoners. They are civilly committed patients who suffer from a "mental abnormality." I.C.A. § 229A (generally); I.C.A. § 229A.2(11). Accordingly, individuals held due to civil commitment under I.C.A. § 229A

---

[2] Iowa Department of Human Services Offer #401-HHS-014: CCUSO, http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited January 5, 2015.

are not prisoners and are not subject to 28 U.S.C. § 1915(a)-(b). See Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001), stating that those committed to state hospitals are not prisoners as defined under 28 U.S.C. § 1915; Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982), stating that individuals who are involuntarily committed "are entitled to more considerate treatment than criminals whose conditions of confinement are designed to punish;" and Michau v. Charleston County, S.C., 434 F.3d 725 (4th Cir. 2006), *cert. denied* Michau v. Charleston County, S.C., 126 S. Ct. 2936 (2006), stating that:

> [h]owever, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. ... see also Kansas v. Hendricks, 521 U.S. 346, 365-69 (1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme).[3] Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner].[4] See ... Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (concluding that a person detained under state's civil sexually

---

[3] SVPA stands for Sexually Violent Predator Act.
[4] PLRA stands for Prison Litigation Reform Act.

> violent predator act is not a prisoner within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of [plaintiff's] complaints.

<u>Id.</u> at 727-28. (Some internal citations omitted.)

In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[5] with the following statements: (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1). In this case, Mr. West has filed a Motion for Leave to Proceed In Forma Pauperis that substantially complies with the requirements set out above. **<u>Accordingly, the Clerk of Court shall file and serve the Plaintiff's Complaint according to the attached service forms. No filing fee will be assessed.</u>**

---

[5] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

4

However, once any portion of a filing fee is waived, a court must dismiss the case if a Plaintiff's allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

**III. 42 U.S.C. § 1983 INITIAL REVIEW STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pro se complaints, no matter how "inartfully pleaded are held to less stringent standards than formal pleadings as drafted by a lawyer." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal citations omitted).

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding, this does not require that a court must entertain any complaint no matter how implausible. The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the claim to relief must be "plausible on its face." Id. at 570. A

5

claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Where the complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - that the pleader is entitled to relief." Id. at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 1949.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

**IV. ISSUE**

In his pro se Complaint, Mr. West argues that the Defendants have inappropriately opened his mail.

**V. ANALYSIS**

   **A. Opening Legal Mail**

Mr. West alleges that CCUSO has been screening and reading his legal mail. Accepted as true, this clearly could amount to a constitutional violation. Accordingly, the Court will allow this claim to proceed.

In the last year, Mr. West has filed a number of 42 U.S.C. § 1983 Complaints. In one of those cases, 14-CV-4102-DEO, the Court allowed Mr. West's case to proceed and appointed attorney Pamela Wingert to represent Mr. West. The Court is persuaded that in the interest of judicial economy, the above captioned case should be consolidated with 14-CV-4102-DEO. The Clerk of Court shall send a copy of this Order to attorney Wingert. Attorney Wingert shall consult with Mr. West and incorporate Mr. West's claims related to legal mail into the already ordered amended complaint in that 14-CV-4102-DEO. The previous amended complaint deadline, February 14, 2015, will be vacated and the amended complaint

7

in case 14-CV-4102 shall now be filed within 45 days of the date of this Order.

**B. State Defendant**

In his Complaint, Docket No. 1, Att. 1, Mr. West names the State of Iowa and the Department of Human Services/CCUSO as Defendants. Neither the State of Iowa nor the Department of Human Services are individuals. 42 U.S.C. § 1983 specifically provides for a federal cause of action against a "person" who, under color of state law, violates another's federal rights. In <u>Will v. Michigan Dept. of State Police</u>, the Supreme Court ruled "that a State is not a person within the meaning of § 1983." 491 U.S. 58, 63 (1989). Therefore, the Plaintiff's § 1983 Complaint cannot proceed against the State of Iowa or one of its agencies because they are not a "persons" under the law. Accordingly, the State of Iowa and the Department of Human Services/CCUSO must be dismissed from the case.

**C. Appointment of Counsel**

Mr. West filed a Motion to Appoint Counsel. Docket No. 2. Because this case will be consolidated with case 14-CV-

4102, Mr. West's Motion for Appointment of Counsel will be denied as moot.

**VI. CONCLUSION**

For the reasons set out above, Mr. West's pro se Motion for Leave to Proceed In Forma Pauperis, Docket No. 1, is granted. The Clerk of Court shall file and serve the complaint according to the attached service forms; no filing fee will be assessed. However, Mr. West's pro se Complaint will be consolidated with case 14-CV-4102-DEO. The Clerk of Court shall send a copy of this Order to Assistant Iowa Attorney General Gretchen Kraemer (Department of Justice, Regents and Human Services Division, Hoover Building, Des Moines, Iowa 50319-0109) and attorney Pamela Wingert (1212 18th Street, Spirit Lake, Iowa 51360). Ms. Wingert shall file and serve an Amended Complaint in 14-CV-4102-DEO within 45 days from the date of this Order. Any further filings on this matter shall be done in Docket No. 14-CV-4102-DEO. Additionally, Mr. West's pro se Motion to Appoint Counsel will be denied as moot. Finally, the Defendants the State of Iowa

and the Department of Human Services/CCUSO are dismissed from the case.

**IT IS SO ORDERED** this 8th day of January, 2015.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

NOTICE OF LAWSUIT
and REQUEST FOR
WAIVER OF SERVICE OF SUMMONS

<u>TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **CORY BLAKE WEST,** | |
| Plaintiff, | No. 14-CV-4125-DEO |
| v. | |
| **CHARLES PALMER, et al.,** | |
| Defendants. | |

_____

  A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this Court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

  Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date:   1/08/15  .

  I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this   January 8  , 2015.

                   /s/ djs, Deputy Clerk
                  Signature (Clerk's Office Official)
                     Northern District of Iowa

# ACKNOWLEDGMENT OF RECEIPT OF
# NOTICE OF LAWSUIT,
# and WAIVER OF SERVICE OF SUMMONS

(**Return **this** document within thirty days after _____1/8/15_____, to the United States Clerk's Office in the envelope provided.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

**CORY BLAKE WEST,**

    Plaintiff,

v.

**CHARLES PALMER, et al.,**

    Defendants.

No. 14-CV-4125-DEO

_____

    I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

    I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after _____1/8/15_____, (the date Notice, Waiver and corresponding documents were sent or from the date of the filing of the Amended Complaint, whichever is later) .

Date _____    Signature _____
                         Printed name _____
                         As _____ of _____
                               (Title)           (Entity)

**Address Form**

Case Number: 14-CV-4125-DEO          Date: ___1/8/15___

To:   Clerk of Court
RE:   Service on Named Defendants

      Below, please find the known (or likely) addresses for the following persons/entities who have been named as defendants to this action:

Defendant:   **ALL DEFENDANTS**
**c/o Gretchen Witte Kraemer**
**Department of Justice**
**Regents and Human Services Division**
**Hoover Building**
**Des Moines, Iowa 50319-0109**